United States District Court
Southern District of Texas
**ENTERED**
October 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Nkozi Kuuriraya, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action H-25-2076 |
| | § | |
| Department of Education, | § | |
| *Defendant*. | § | |

# MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 24. Pending before the court are Plaintiff's two motions for default judgment, ECF Nos. 34, 39, and Defendant's Motion to Dismiss, ECF No. 38.

The court recommends that Plaintiff's motions for default judgment, ECF Nos. 34, 39, be **DENIED**.

The court further recommends that Defendant's Motion to Dismiss, ECF No. 38, be **GRANTED**, and that this case be **DISMISSED**.

## *1. Background Facts and Procedural Posture*

This case arises out of a credit-reporting dispute, following the United States Department of Education's report that Plaintiff's student loans were delinquent. ECF No. 1. Plaintiff Nkozi Kuuriraya sued the Department of Education (DOE) for violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.* and the Universal Declaration of Human Rights, and for invasion of privacy, defamation, and "breach of privacy." ECF No. 1 at 2, 5–6. The court liberally construes pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation modified). Accordingly, the court construes the breach of privacy claim as

one for improper disclosure under the Privacy Act, 5 U.S.C. Section 552a.

Plaintiff states that the DOE reported inaccurate and negative credit information about his alleged student loan debt without his consent and without properly validating the debt. *Id.* at 1–2. He contacted the DOE to formally request removal of the negative credit information and to place "a credit block." *Id.* at 1. The DOE has not removed the information from Plaintiff's credit report nor placed the requested credit block. *Id.* Plaintiff has suffered financial harm, damage to his personal and professional reputation, and emotional distress. *Id* at 2. In addition to those harms, Plaintiff states that he is entitled to statutory damages and costs under the FDCPA. *Id.* In total, he seeks $153,000 in damages. *Id.*

Attached to Plaintiff's Complaint is a signed and notarized "Affidavit of Truth and Notice of Civil Liability." *Id.* (citing Pl.'s Aff., ECF No. 1 at 3–7). The Affidavit restates the allegations contained in Plaintiff's Complaint, as described above. *See generally* Pl.'s Aff. Additionally, the Affidavit contains two screenshots of Plaintiff's Experian credit report. Id. at 4–5. Both screenshots show that the balances were last updated on March 31, 2025. *Id.* The first screenshot shows a DOE/Aidvantage account with a balance of $41,863, a past-due amount of $2,359, and two late payments reported. *Id.* at 4. The second screenshot shows a DOE/Aidvantage account with a balance of $1,402, a past-due amount of $304, and two late payments reported. *Id.* at 5.

Plaintiff alleges that the DOE violated Section 1692k of the FDCPA. ECF No. 1 at 2, 5–6. He states, generally, that the DOE failed to comply with the FDCPA's prohibition on unfair and deceptive practices, resulting in damage to his financial standing and emotional well-being. *Id.*

Plaintiff also alleges that the DOE violated Article 12 of the Universal Declaration of Human Rights. ECF No. 1 at 5. He quotes Article 12 as, "No one shall be subjected to arbitrary interference with his privacy, family, home or correspondence, nor to attacks upon his honour and reputation." *Id.* He states that the DOE has "direct[ly] attacked [his] honor, reputation, and privacy rights," in violation of Article 12, by reporting negative information to credit reporting agencies. *Id.*

As to his claims for common law torts and for improper disclosure under the Privacy Act, Plaintiff states that the DOE disclosed his "private financial information" to credit reporting agencies without his consent, resulting in damage to his reputation. ECF No. 1. at 2. He alleges that such action constitutes invasion of privacy and defamation of character. *Id.*

The DOE filed a Motion to Dismiss Plaintiff's claims under Rule 12(b)(1) and Rule 12(b)(6). ECF No. 38. Plaintiff did not respond to the Motion. Accordingly, the Motion is deemed unopposed. *See* S.D. Tex. L.R. 7.4 (stating that failure to respond to a motion is "taken as a representation of no opposition"). However, the court will not grant a dispositive motion merely because it is unopposed. *See Ramsey v. Signal Delivery Serv., Inc.*, 631 F.2d 1210, 1214 (5th Cir. 1980) (reversing the district court's decision to grant motions to dismiss merely because they were unopposed). The court considers the Motion on its merits.

Before turning to the Motion to Dismiss, the court addresses Plaintiff's repeated requests for entry of default against the DOE.

### 2. *Plaintiff's requests for entry of default should be denied.*

Plaintiff has repeatedly requested entry of default against the DOE under Rule 55(a). His two most recent requests are Plaintiff's Motion for Default Judgment, ECF No. 39, and Plaintiff's Request for Entry of Default, ECF No. 44. The DOE opposes his requests. ECF No. 40.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." However, "[a] defendant cannot default if he had no duty to answer the suit—and he need not answer until 'service has been perfected.'" *Espinoza v. Humphries*, 44 F.4th 275, 276 (5th Cir. 2022).

Service on the DOE was not perfected until April 22, 2026. On that date, the United States Marshals Service executed service of process on the DOE, pursuant to the court's March 3, 2026 Order to Serve. ECF No. 32. Prior to the court's March 3, 2026 Order, the court had explained—across multiple orders—that the DOE had not yet been properly served. *E.g.*, ECF No. 13, 19, 23. Despite those orders, Plaintiff continues to assert that his earlier attempts at service were proper. *E.g.*, ECF Nos. 39 ("Plaintiff served Defendant through multiple methods, including certified mail . . . . Certified mail delivery was confirmed on or about October 27, 2025[.]"), 42 ("10/27/2025 – Defendant received summons and service of process as reflected in certified mail receipts and docket entries."), 44 ("The [DOE's] Deputy General Counsel received notice of this lawsuit on October 27, 2025."). Plaintiff thus argues that the DOE failed to timely respond to his Complaint such that he is entitled to entry of default under Rule 55(a). ECF No. 39 at 2.

In his first Request for Clerk's Entry of Default, filed in November 2025, Plaintiff included a photo of an unsigned certified mail return receipt, which he described as "Proof of Delivery to Deputy General Counsel 400 Maryland Ave SW Washington, D.C. 20202." ECF No. 15 at 2. Below the photo, he typed, "10/27/2025 date summons and complaint received listed on the document[.]" *Id.* During the Initial Conference on January 22, 2026, the court explained that the photo was insufficient to establish service of process had been properly executed. The court also informed Plaintiff that "[w]hen an agency of the United States is named as a defendant, as it is here, the summons must be served on: (1) the agency named, (2) the Attorney General of the United States in Washington D.C., and (3) the United States Attorney." ECF No. 19 at 1.

On January 26, 2026, Plaintiff filed a photo of the front of an envelope addressed to "Department of Education General Counsel, 400 Maryland Ave SW Washington, D.C. 20202." ECF No. 20 at 2. Four days later, Plaintiff filed another document titled "Proof of Service," and stated, "Under penalty of perjury, I declare that the summons was received on October 27, 2025, as reflected on the USPS Return Receipt." ECF No. 22 at 2. He included the same photo that he provided in his November 2025 Request for Clerk's Entry of Default. *Id.* at 3.

None of those documents, nor any other filing on the docket, establishes that Plaintiff had properly served the DOE.

Proper proof of service, in the form of a Process Receipt and Return, was filed on the docket on April 24, 2026. ECF No. 32. That document shows that the United States Attorney was served by the United States Marshals Service on April 22, 2026. *Id.* Less than two weeks later, the DOE filed a letter requesting a pre-motion conference pursuant to District Judge Hank's rules. ECF No. 33. The letter explained that the DOE sought to file a motion

to dismiss under Rules 12(b)(1) and 12(b)(6). *Id.* In response, Plaintiff filed *another* request for entry of default against the DOE, declaring that he was not required to serve the United States Attorney, and again insisting that he executed proper service on October 27, 2025. ECF No. 34 at 1–2.[1]

On May 13, 2026, the court denied the DOE's request for pre-motion conference and ordered the DOE to file its Rule 12 motion by May 22, 2026. ECF No. 36. The DOE timely filed its Motion to Dismiss by the court's deadline. ECF No. 38. The court notes that the May 22, 2026 deadline was thirty days after the DOE was served, which was thirty days prior to the DOE's response deadline under the federal rules. Fed. R. Civ. P. 12(a)(2) ("[A] United States agency . . . must serve an answer to a complaint . . . within 60 days after service on the United States Attorney.").

In summary, the DOE was not properly served with process until April 22, 2026. It filed its Motion to Dismiss within thirty days of being served. Despite Plaintiff's arguments to the contrary, the DOE timely appeared in this case and responded to Plaintiff's Complaint. The DOE did not default.

Accordingly, the court recommends that Plaintiff's requests for entry of default against the DOE, including ECF Nos. 39 and 44, be **DENIED**.

---

[1] Plaintiff supported his argument that service on the U.S. Attorney was not required with citations to two cases that do not appear to exist. ECF No. 34 at 1. When searched using the Westlaw citations provided, the first citation returned a brief in a case with the same name as that which Plaintiff cited, but the brief does not discuss service of process on the DOE or the United States Attorney. See Mem. of L. in Supp. of Def.'s Mot. to Dismiss, 2008 WL 906941, *Gaddy v. U.S. Dep't of Educ.*, No. 08-0573 (E.D.N.Y. Aug. 22, 2008). A search of the second citation led to the middle of a Fourth Circuit case, which, similarly, does not discuss service of process. *Robinson v. Heckler*, 783 F.2d 1144 (4th Cir. 1986).

### *3. The DOE's Motion to Dismiss should be granted.*

The DOE argues that the court lacks subject matter jurisdiction, warranting dismissal under Rule 12(b)(1). ECF No. 39. The DOE also argues that Plaintiff's Complaint fails to state a claim, warranting dismissal under Rule 12(b)(6). *Id.* Subject-matter jurisdiction is a threshold inquiry that must be resolved before the court considers whether the complaint states a claim under Rule 12(b)(6). *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). If jurisdiction is lacking, the court generally may not proceed to evaluate the legal sufficiency of the pleadings. *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021). Accordingly, the court turns first to the question of its subject matter jurisdiction.

#### *A. The court lacks subject matter jurisdiction over four of Plaintiff's five claims.*

The DOE argues that it is entitled to sovereign immunity against Plaintiff's claims under the FDCPA and the Universal Declaration of Human Rights, as well as his claims for common law tort liability. ECF No. 38 at 1–3. Accordingly, it argues that the court lacks subject matter jurisdiction, and the case must be dismissed under Rule 12(b)(1). *Id.*

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Settlement Funding*, 851 F.3d at 534 (quoting *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, 666 F.3d 932, 935 (5th Cir. 2012)). On a motion to dismiss under Rule 12(b)(1), the court may consider "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *United States ex rel. Johnson v. Raytheon Co.*, 93 F.4th 776, 783 (5th Cir. 2024). The motion "should be granted only if it appears certain that the

plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1988).

"The United States enjoys sovereign immunity from suit, meaning it cannot be sued without consent." *Gonzalez v. United States*, 851 F.3d 538, 543 (5th Cir. 2017). To bring the United States or a federal agency into court, Congress must enact a statute containing an express waiver of sovereign immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1996). A statutory waiver of sovereign immunity is "strictly construed, in terms of its scope, in favor of the sovereign." *Id.* "Any ambiguities in the statutory language are to be construed in favor of immunity . . . ." *FAA v. Cooper*, 566 U.S. 284, 290 (2012).

Plaintiff's Complaint alleges that the DOE violated the FDCPA and Section 12 of the Universal Declaration of Human Rights, and that the DOE is liable for committing the common law torts of invasion of privacy and defamation. ECF No. 1. The court lacks subject matter jurisdiction over all four of Plaintiff's claims because the United States has not waived sovereign immunity.

The FDCPA establishes that debt collectors may be held liable for failure to comply with the Act's provisions. 15 U.S.C. § 1692k(a). "[T]he FDCPA does not contain an unequivocal and express waiver of sovereign immunity." *Wagstaff v. U.S. Dept. of Educ.*, 509 F.3d 661, 664 (5th Cir. 2007). Accordingly, the federal government and its agencies have not waived sovereign immunity for alleged violations of the FDCPA, and all of Plaintiff's claims under that statute must be dismissed without prejudice.

As to Plaintiff's claim under Section 12 of the Universal Declaration of Human Rights, the court first notes that the Declaration "does not create a right of action . . . because it is not a treaty, nor has the United States recognized it as a binding obligation." *Pinto de Saldaña v. Solis*, No. 09-0168, 2010 WL

11646779, at *10 (S.D. Tex. Jan. 29. 2010); *see also Sosa v. Alvarez-Machain*, 524 U.S. 692, 734 (2004) ("[T]he Declaration does not of its own force impose obligations as a matter of international law."), *abrogated by Cisco Sys., Inc. v. Doe I*, 609 U.S. 141, 145 (holding that "courts may not create new causes of action for violations of international norms"). Even if the Declaration were a self-executing treaty that created private right of action, it does not contain an express and unequivocal waiver of sovereign immunity. For those reasons, Plaintiff's claims under the Declaration must be dismissed without prejudice.

Sovereign immunity also bars Plaintiff's claims for the common law torts of invasion of privacy and defamation. "The Federal Tort Claims Act (FTCA) "provides the sole basis of recovery for tort claims against the United States." *Gonzalez*, 851 F.3d at 543 (citation modified). The FTCA waives the federal government's sovereign immunity for certain claims. *Molzof v. United States*, 502 U.S. 301, 305 (1992). However, the Fifth Circuit has held that the FTCA does not waive sovereign immunity for defamation claims. *Baker v. McHugh*, 672 F. App'x 357, 362 (5th Cir. 2016). Courts in this district have explained that when claims for defamation and invasion of privacy are premised on damage to a plaintiff's reputation, they fall outside of the FTCA's waiver. *E.g.*, *Rittgers v. United States*, 131 F. Supp. 3d 644, 653–54 (S.D. Tex. 2015) (citation modified); *see also* 28 U.S.C. § 2680(h).

Under the heading for "Invasion of Privacy and Defamation," Plaintiff pleads that the DOE's "unauthorized reporting of inaccurate, negative credit information constitutes defamation of character." ECF No. 1 at 2. Plaintiff's tort claims are premised on damage to his reputation. The United States has not waived sovereign immunity for those claims. Plaintiff's tort claims must also be dismissed without prejudice.

Because the United States has not waived sovereign immunity for Plaintiff's claims under the FDCPA, the Declaration, or the FTCA, the court lacks subject matter jurisdiction over those claims. The court thus recommends that Plaintiff's claims under the FDCPA, the Declaration, and the FTCA be **DISMISSED without prejudice** under Rule 12(b)(1).

### *B. Plaintiff failed to state a claim for improper disclosure under the Privacy Act.*

The DOE argues that Plaintiff's Complaint fails to state a claim for improper disclosure under the Privacy Act. ECF No. 38 at 5–6. Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("[T]he court may not look beyond the four corners of the plaintiff's pleadings.").

Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts accept "all well-pleaded facts as true" and "view[] them in the light most favorable to the plaintiff." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). Additionally, the court liberally construes pro se pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

"A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Conclusory allegations are disentitled . . . to the presumption of truth." *Id.* at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id.* at 556.

Plaintiff alleges that by reporting the status of his loans to consumer reporting agencies, the DOE shared his personal and financial information without his consent. ECF No. 1 at 6. He states that he has suffered "significant emotional and financial distress" and reputational harm because of the DOE's reporting. *Id.*

Under the Privacy Act, federal agencies are prohibited from disclosing information, or records, without the written consent of the subject of the record, unless an exception applies. 5 U.S.C. § 552a(b). The law provides an exception for disclosure "for a routine use." *Id.* § 552(b)(3). A "routine use" is use of the record "for a purpose which is compatible with the purpose for which [the

record] was collected." *Id.* § 552a(a)(7). The Higher Education Act, 20 U.S.C. § 1001 *et seq.*, requires the DOE to report student loan borrower information to consumer reporting agencies. 20 U.S.C. § 1080a(a). Information that the DOE must report includes the total loan amount, the repayment status, and, if applicable, the date of default. *Id.* The Higher Education Act further requires the DOE to enter into agreements to exchange borrower information with consumer reporting agencies. *Id.*

This exchange of information thus constitutes a "routine use" under the Privacy Act. Plaintiff was not required to consent to the DOE's disclosure of his loan status to credit reporting agencies. Because Plaintiff has not pleaded a plausible claim for the DOE's liability under the Privacy Act, his claim for improper disclosure should be **DISMISSED with prejudice** under Rule 12(b)(6).

### *C. Any request for leave to amend is denied.*

"Dismissing an action after giving the plaintiff only one opportunity to state his case is ordinarily unjustified." *Davoodi v. Austin Indep. Sch. Dist.*, 755 F.3d 307, 310 (5th Cir. 2014) (quoting *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986)). If the plaintiff seeks leave to amend, they "must give the court at least some notice of what . . . [their] amendments would be and how those amendments would cure the initial complaint's defects." *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (citation omitted). The court may deny leave "[i]f the plaintiff does not provide a copy of the amended complaint [or] explain how the defects could be cured[.]" *Id.* (citation omitted). The court may also deny leave to amend when amendment would be futile or when the plaintiff chooses to stand on their complaint and argues that it satisfies the pleading requirements. *See Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (affirming the

district court's denial of leave to amend when the plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993) (discussing futility of amendment as justification for denying leave to amend).

As to the claims that are barred by sovereign immunity, it would be futile to allow Plaintiff to amend his complaint. Moreover, Plaintiff did not respond to the instant Motion to Dismiss. He did not request leave to amend nor propose any further amendments to his complaint. He did not explain how the deficiencies in his Complaint could be cured, and there is no reason to believe that they could be. Accordingly, any request for leave to amend the complaint is **DENIED**.

***4. Conclusion***

The court recommends that Plaintiff's motions and requests for default judgment, ECF Nos. 34, 39, be **DENIED**.

The court recommends that Defendant's Motion to Dismiss, ECF No. 38, be **GRANTED.** The court further recommends Plaintiff's claims under the FDCPA, under the Universal Declaration of Human Rights, and for common law torts be **DISMISSED without prejudice** under Rule 12(b)(1), and that Plaintiff's claim under the Privacy Act be **DISMISSED with prejudice** under Rule 12(b)(6).

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on October 23, 2026.

Peter Bray
United States Magistrate Judge